UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Raphael Cruz Torres, Jr.,

                              Plaintiff,

           v.

Commissioner of Social Security,[1]

                              Defendant.

**Decision and Order**

17-CV-579 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 7, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 11, 14.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Supplemental Security Income under Title XVI of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

"'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other

2

kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the

3

physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e).
The ALJ must then determine the individual's ability to return to past relevant work given the RFC.
*Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, plaintiff argues that the ALJ ignored the opinion of a state agency psychologist, H. Tzetzo ("Tzetzo"). Plaintiff explains as follows why giving weight to Tzetzo's opinion would have changed the assessment of his RFC:

> Here, the ALJ simply ignored Dr. Tzetzo's opinion. This error was quite significant because Dr. Tzetzo opined many more restrictive limitations than consulting psychologist Dr. Santarpia, to whose opinion the ALJ gave "significant" weight. See T. 14. As discussed above, Dr. Tzetzo opined that Plaintiff was moderately limited in eleven separate areas of functioning. T. 55–56. Dr. Tzetzo found that Plaintiff was markedly limited in interacting appropriately with the general public; maintaining socially appropriate behavior and to adhering to basic standards of neatness and cleanliness; and setting realistic goals or making plans independently of others. T. 56. Dr. Tzetzo also opined that Plaintiff had moderate limitations in activities of daily living, T. 52; however, without referencing Dr. Tzetzo's opinion at all, the ALJ found that Plaintiff had only mild limitations in this area. T. 10. The ALJ's RFC finding, however, merely restricted Plaintiff to occasional contact with the public—with no mention of interaction with coworkers and supervisors—and failed to account for any limitations in maintaining social behavior, working without distracting others, or responding appropriately to changes in the work setting.
>
> If credited, the limitations opined by Dr. Tzetzo would have further restricted the RFC from what the ALJ determined.

(Dkt. No. 11-1 at 10 (citation omitted).) The Commissioner responds to plaintiff's argument in two ways. The Commissioner first argues that "the entire argument is based on the premise that Dr. Tzetzo's opinion was that Plaintiff was more limited than the ALJ found. This premise is false. Dr. Tzetzo's opinion was consistent with the ALJ's decision. Thus, any error in not discussing the opinion was harmless as any discussion on an opinion that is consistent with the ALJ's findings would produce no different result." (Dkt. No. 14-1 at 10.) Additionally, the Commissioner notes that plaintiff's argument rests on Tzetzo's Mental Residual Functional Capacity Assessment ("MRFCA") worksheet and not on Tzetzo's concluding narrative:

4

> Based on the totality of the evidence, and given that [the claimant] had only very recently started in outpatient treatment with his current psychiatric TMD/Willis MD: the claimant's ability to deal with co-workers and the public would be somewhat reduced, but adequate to handle brief and superficial contact. Similarly, his ability to tolerate and respond appropriately to supervision would be reduced, but adequate to handle ordinary levels of supervision in the customary work setting. The claimant can also do simple tasks.

(*Id.* at 11 (quoting [57]).)

The Commissioner has the better argument here. The opinion from Tzetzo to which plaintiff refers is the MRFCA that Tzetzo conducted on October 17, 2013. [58–60.] This checklist-like questionnaire of mental function items corresponds to the Summary Conclusions in Section I of Social Security Form SSA-4734-F4-SUP. "**Section I is merely a worksheet** to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**." Soc. Sec. POMS DI 24510.060(B)(2)(a), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424510060 (last visited May 14, 2019). In contrast, the concluding narrative that Tzetzo provided corresponds to Section III of the same form. "**Section III—Functional Capacity Assessment**, is for recording the mental RFC determination. It is in this section that the **actual mental RFC assessment is recorded**, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings. The **discussion** of all mental capacities and limitations in this section **must be in narrative format**." *Id.* DI 24510.060(B)(4)(a–b). *See also Bilecki v. Comm'r*, No. 5:15-CV-1045 (GTS), 2016 WL 6208538, at *7 (N.D.N.Y. Oct. 24, 2016); *Suppa v. Colvin*, No. 15-CV-55S, 2016 WL 6067847, at *5 (W.D.N.Y. Oct. 17, 2016); *Picone v. Colvin*, No. 13-CV-347-JTC, 2015 WL 5126076, at *7 (W.D.N.Y. Sept. 1, 2015). Plaintiff thus is relying on a questionnaire that the Commissioner never intended as the actual RFC assessment. Tzetzo's concluding narrative, quoted above, is in fact consistent with the final RFC that the ALJ determined:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: occasionally interact with the public, and occasionally understand, remember, and carryout complex and detailed tasks.

[14.] "In any event, an ALJ does not have to adhere to the entirety of one medical source's opinion in formulating a plaintiff's RFC." *Bilecki*, 2016 WL 6208538, at *8 (citation omitted). A key case that plaintiff cites, *Fontanez v. Colvin*, No. 16-CV-01300 (PKC), 2017 WL 4334127 (E.D.N.Y. Sept. 28, 2017), does not change the above analysis. *Fontanez* addressed a consultative psychiatric evaluation that occurred outside the framework of Social Security Form SSA-4734-F4-SUP.

### III.  CONCLUSION

The Commissioner's final determination was supported by substantial evidence. For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 14) and denies plaintiff's cross-motion (Dkt. No. 11).

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                  __/s Hugh B. Scott_____
                                                       Hon. Hugh B. Scott
                                                       United States Magistrate Judge

DATED: May 15, 2019